UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

COLLINS & COLLINS, HAROLD E.  )
COLLINS, and MICHAEL R. COLLINS, )
                         )
        Appellants    )
                         )
       vs.        )     CAUSE NO. 2:11-CV-322 RM
                         )
HEARTLAND MEMORIAL HOSPITAL, )
LLC, iHEALTHCARE, INC., and   )
DAVID ABRAMS, not individually  )
but as the Liquidating Trustee,   )
                         )
        Appellees    )

OPINION and ORDER

Collins & Collins, Harold E. Collins, and Michael R. Collins (collectively "Collins & Collins") appeal the Memorandum of Decision Concerning Motion to Interpret and Enforce Jurisdictional Provisions of the Plan of Reorganization ("Memorandum of Decision") and resulting judgment issued June 9, 2011 by Judge J. Philip Klingeberger of the United States Bankruptcy Court for the Northern District of Indiana. This court has jurisdiction over Collins & Collins' appeal pursuant to 28 U.S.C. § 158(a).

*Facts*

Three creditors of Heartland Memorial Hospital, LLC filed an involuntary Chapter 7 bankruptcy petition against the Hospital; the Hospital agreed to conversion of the involuntary Chapter 7 petition to a voluntary Chapter 11 case.

iHealthcare, Inc., equity owner of the Hospital, filed a voluntary Chapter 11 petition. Under the terms of the liquidating plan of reorganization ("the plan"), David Abrams was appointed liquidating trustee and post-confirmation manager of the reorganized debtor. The bankruptcy court confirmed the plan, as amended by a first addendum.

A number of pending and potential litigation claims were identified during the bankruptcy proceedings as possible sources of recovery for the estate. The adversary action relevant to these proceedings is an attorney malpractice action the liquidating trustee filed in March 2009 in the Cook County, Illinois, Circuit Court against Collins & Collins and other defendants. That case was assigned to the Honorable Allen S. Goldberg, who granted the defendants' motions to dismiss based on his conclusion that "Section 9.13 of the Plan clearly states that all litigation claims relating to the Heartland fall in the exclusive jurisdiction of the Bankruptcy Court."

The liquidating trustee filed a motion to reconsider in the state malpractice action and also filed a motion to interpret and enforce jurisdictional provisions of the plan of reorganization with the bankruptcy court. While briefing continued in the bankruptcy court, Judge Goldberg heard the motion to reconsider and agreed to defer ruling on the reconsideration request pending the bankruptcy court's decision on the motion to interpret.

The bankruptcy court issued the Memorandum of Decision at issue in this appeal on June 9, 2011 granting the relief requested by the liquidating trustee.[1] Collins & Collins raises two issues in its appeal of the Memorandum of Decision: (1) the bankruptcy court's consideration of the liquidating trustee's motion to interpret violated the Rooker-Feldman doctrine, and (2) the bankruptcy court's ruling on the motion to interpret amounted to a modification of the plan of reorganization in contravention of Bankruptcy Rule 1127(b). Collins & Collins asks this court to vacate the bankruptcy court's June 9, 2011 order and judgment and deny the motion to interpret.

*Standard of Review*

A bankruptcy court's legal conclusions are reviewed *de novo* and its findings of fact for clear error. Kovacs v. United States, 614 F.3d 666, 672 (7th Cir. 2010); Ojeda v. Goldberg, 599 F.3d 712, 716 (7th Cir. 2010). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." In re Smith, 582 F.3d 767, 777 (7th Cir. 2009); *see also* Stamat v. Neary, 635 F.3d 974, (7th Cir. 2011) ("If the bankruptcy court's account of the evidence is plausible in light of the record viewed in its entirety, we will not reverse its factual findings even if we would have weighed the evidence differently."). A

---

[1] Collins & Collins reports that Judge Goldberg denied the liquidating trustee's motion to reconsider on October 5, 2011 and dismissed the malpractice action with prejudice, and that decision is on appeal to the Illinois Appellate Court.

decision left to the bankruptcy court's discretion is reviewed under an abuse of discretion standard. Wiese v. Community Bank of Central Wis., 552 F.3d 584, 588 (7th Cir. 2009). "[A] court abuses its discretion when its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied." Corporate Assets, Inc. v. Paloian, 368 F.3d 761, 767 (7th Cir. 2004).

*Issue I: Does Rooker-Feldman apply?*

Collins & Collins first argues that the Rooker-Feldman doctrine barred the bankruptcy court's consideration of the liquidating trustee's motion to interpret. *See generally* Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Collins & Collins maintains the motion to interpret was, in reality, a request that the bankruptcy court review an Illinois state court ruling that was adverse to the liquidating trustee. According to Collins & Collins, the liquidating trustee's intent was to use the bankruptcy court's Memorandum of Decision "in a thinly-veiled attempt to persuade Judge Goldberg to reverse his order dismissing the Illinois State Court action. The Memorandum of Decision, and Judgment, while not explicitly reversing an Illinois state court order, will most certainly be used by the Liquidating Trustee to accomplish that goal."

The bankruptcy court determined that the issue of Rooker-Feldman didn't prevent its addressing the motion to interpret:

> Let's also dispense with considerations of the *Rooker-Feldman Doctrine*. . . . [T]he Motion [to Interpret] requests the construction of a plan provision confirmed by an order of this court, and thus comprising a portion of this court's order. . . . Any determination made on the Motion [to Interpret] by this court will not in any manner affect <u>any</u> decision which Judge Goldberg makes in the state court litigation, and he is absolutely free to determine any issues before him in that litigation regardless of any determination made by this court with respect to the Motion.

Memo. of Decision, at 10-11 (emphasis in original). That legal conclusion is subject to *de novo* review. <u>Freeland v. Enodis Corp.</u>, 540 F.3d 721, 729 (7th Cir. 2008).

"Under the *Rooker-Feldman* doctrine, lower federal courts lack subject-matter jurisdiction when, after state proceedings have ended, a losing party in state court files suit in federal court complaining of an injury caused by the state court judgment and seeking review and rejection of that judgment." <u>Beth-El All Nations Church v. City of Chicago</u>, 486 F.3d 286, 292 (7th Cir. 2007). "The <u>Rooker-Feldman</u> doctrine asks: is the federal plaintiff seeking to set aside a state judgment, or does he present some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party?" <u>Zurich American Ins. Co. v. Superior Court for State of California</u>, 326 F.3d 816, 821 (7th Cir. 2003) (*quoting* <u>GASH Assocs. v. Village of Rosemont, Ill.</u>, 995 F.2d 726, 728 (7th Cir. 1993)); *see also* <u>Crawford v. Countrywide Home Loans, Inc.</u>, 647 F.3d 642, 646 (7th Cir. 2011) ("In applying the <u>Rooker–Feldman</u> doctrine, the immediate inquiry is whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim."). The

Rooker-Feldman doctrine doesn't apply if the federal claim doesn't depend on a determination that the state court erred in deciding the previous action. Zurich v. Superior Court, 326 F.3d at 822.

The motion to interpret didn't ask the bankruptcy court to set aside the Illinois state court order:  the liquidating trustee asked the bankruptcy court to interpret or clarify the plan with respect to the jurisdictional limits of the bankruptcy court over "related to" proceedings. More, the Illinois state court action wasn't final: a motion to reconsider was pending. *Cf.* Zurich v. Superior Court, 326 F.3d at 822 ("But Zurich's federal claim arises under the Federal Arbitration Act (FAA) and would exist even if the state court had determined the duty to defend or arbitrability issues in Zurich's favor or if these issues had never been before it. The federal claim does not therefore seek to set aside the state court's orders and does not depend on a determination that the court erred."); *see also* TruServ Corp. v. Flegles, Inc., 419 F.3d 584, 591 (7th Cir. 2005) (emphasizing that Rooker-Feldman is inapplicable unless state court proceedings have ended); Auten v. Steigmann, No. 11-3013, 2011 WL 692241, at *3 (C.D. Ill. Feb. 18, 2011) ("because Auten's petition for leave to appeal to the Illinois Supreme Court is still pending, it appears that Rooker-Feldman does not bar this Court from considering her claims."). The court agrees with the bankruptcy court's conclusion that the Rooker-Feldman doctrine didn't prohibit its consideration of the liquidating trustee's motion to interpret.

*Issue II: Was the Confirmed Plan Improperly Modified?*

The second issue for consideration is whether the bankruptcy court actually modified or merely interpreted or clarified the 2008 reorganization plan. Collins & Collins says modification of the confirmed plan was controlled by 11 U.S.C. § 1127(b), a section that Collins & Collins maintains affords no authority to the bankruptcy court to modify a confirmed plan: only the plan's proponent or the reorganized debtor has the authority to modify a confirmed plan under Section 1127(b). According to Collins & Collins, "even if the bankruptcy court were a proper party to seek such a modification, it would still be compelled to issue notice of the proposed modification and hold a hearing on the modification pursuant to the final sentence of Section1127(b)," and no hearing was held. Collins & Collins says, too, that the bankruptcy court's inability to seek a modification of the plan under Section 1127(b) can't be cured by the equitable powers afforded the court under 11 U.S.C. § 105(a). Collins & Collins concludes that the bankruptcy court's action under Section 105(a) was improper and because that court was without authority to modify the plan, its Memorandum of Decision must be vacated.

Collins & Collins might be right that the bankruptcy court wouldn't have been a proper party to modify the plan *sua sponte*, but the bankruptcy court acted in response to a motion filed by the liquidating trustee – a motion to which Collins

& Collins had an opportunity to respond.[2] Collins & Collins might be correct, as well, that a bankruptcy court cannot use its equitable powers under 11 U.S.C. § 105(a) to take action that violates 11 U.S.C. § 1127(b), but the bankruptcy court undertook this action pursuant to Federal Rule of Civil Procedure 60(b).

Federal Rule of Civil Procedure 60(b), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024, provides that a court may, "on motion and just terms," relieve a party from a final judgment, order, or proceeding for any "reason that justifies relief." FED. R. CIV. P. 60(b)(6); *see also* United Student Aid Funds, Inc. v. Espinosa, __ U.S. __, __, 130 S. Ct. 1367, 1376 (2010) ("Rule 60(b) . . . provides an 'exception to finality' that 'allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" (*quoting* Gonzalez v. Crosby, 545 U.S. 524, 528, 529 (2005))). Even though Rule 60(b)(6) doesn't list factors that justify relief, that subsection "provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.'" Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863–864 (1988) (*quoting* Klapprott v. United States, 335 U.S. 601, 614-615 (1949)). Review of a bankruptcy court's grant or denial of relief under Federal Rule of Civil Procedure 60(b) involves "an extremely deferential abuse-of-discretion standard." Re v. Re, 407 Fed. App'x 946, 948, 2010 WL 4137433, at *1 (7th Cir. 2010); *see also* In re Resource Tech.

---

[2] The bankruptcy court records show that Collins & Collins filed a response [docket # 2208] and a sur-reply [docket # 2213] to the liquidating trustee's motion to interpret.

Corp., 624 F.3d 376, 386 (7th Cir. 2010) ("We owe substantial deference to the bankruptcy court's interpretation of its own orders and will not overturn that interpretation unless we are convinced that it amounts to an abuse of discretion."). "Because relief under Rule 60(b) is 'an extraordinary remedy and is granted only in exceptional circumstances,' a [bankruptcy] court abuses its discretion only when 'no reasonable person could agree with the decision to [grant or] deny relief.'" Eskridge v. Cook Cnty., 577 F.3d 806, 809 (7th Cir. 2009) (*quoting* McCormick v. City of Chicago, 230 F.3d 319, 327 (7th Cir. 2000)).

Consideration of the bankruptcy court record convinces the court that the June 9 Memorandum of Decision contains the bankruptcy court's interpretation of the 2008 plan of reorganization, action to be reviewed on appeal under an abuse of discretion standard. *See* In re UAL Corp., 635 F.3d 312, 319 (7th Cir. 2011) ("Before confirming a Chapter 11 reorganization plan, a bankruptcy court must review the terms of the proposed plan to ensure that it complies with the applicable provisions of the Code. When the court later interprets the plan, it interprets words on which it has already passed judgment. We afford that interpretation full deference on review." (citations omitted)); In re Airadigm Communications, Inc., 547 F.3d 763, 768 (7th Cir. 2008) ("A bankruptcy court's interpretation of a plan it confirmed is subject to full deference as an interpretation of its own order and may be overturned only if the record shows an abuse of discretion in the interpretation."). Judge Klingeberger examined the 2008 plan and decided that the plan included a provision that wasn't "a valid exercise

of the [bankruptcy] court's continuing jurisdiction either with respect to post-confirmation matters in relation to the debtor's case or with respect to proceedings related to that case in general," specifically paragraph 9.13(ii), which retained for the bankruptcy court the "exclusive jurisdiction of the United States Bankruptcy Court over civil proceedings 'related to' the debtor's Chapter 11 case in contravention of 28 U.S.C. § 1334(b)." Memo. of Decision, at 15, 18. Noting that bankruptcy courts aren't "in any manner empowered to exceed the boundaries of [their] jurisdiction," Judge Klingeberger concluded that "[a]s it is written, § 9.13(ii)(2) states an impermissible expansion of the jurisdiction of the United States Bankruptcy Court over proceedings 'related to' the case of Heartland Memorial Hospital, LLC." Memo. of Decision, at 11-12. Judge Klingeberger concluded that the plan's language must conform to "the permissible scope of the court's jurisdiction under 28 U.S.C. § 1334(b)," so clarification of paragraph 9.13(ii)(2) was needed to reflect that the bankruptcy court would retain "subject matter jurisdiction of the Case and all proceedings arising therein or related thereto, to the extent of the subject matter jurisdiction provided for by applicable law, including 28 U.S.C. § 1334(b)." Memo. of Decision, at 18, 19.

The court agrees with the bankruptcy court that "correction of the confirmation order by limiting § 9.13(ii)(2) to its proper scope [was] necessary to accomplish justice by preventing invalid exercise of exclusive federal jurisdiction." Memo. of Decision, at 17. Because the 2008 plan could retain for the bankruptcy court only the jurisdiction that court possessed under 28 U.S.C. § 1334(b), Judge

Klingeberger didn't abuse his discretion to interpret and clarify the plan under Federal Rule of Civil Procedure 60(b)(6) in response to the liquidating trustee's motion to interpret. Contrary to the appellants' claim, the June 9 Memorandum of Decision didn't amount to an impermissible modification of the plan.

*Conclusion*

Based on the foregoing, the court AFFIRMS the bankruptcy court's June 9, 2011 Memorandum of Decision.

SO ORDERED.

ENTERED:    January 30, 2012

     /s/ Robert L. Miller, Jr.
Judge, United States District Court

cc:    All counsel of record
    Clerk, United States Bankruptcy Court